UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:23-cv-00099-LLK

DIANE SMITH                                                                                              PLAINITFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                    DEFENDANT

## OPINION AND ORDER

The pro-se Plaintiff filed a complaint seeking judicial review of the final decision of the Commissioner denying her claims for Social Security disability benefits. [Doc. 1].

In granting Plaintiff's motion to proceed in forma pauperis (IFP), the Court determined that Plaintiff "does not have the present ability to pay the costs of these proceedings and believes that (s)he is entitled to relief." [Doc. 4]. At that time [Doc. 4], however, the Commissioner had not yet filed a copy of the administrative record [Doc. 9], the Court had not yet ordered Plaintiff to identify her specific claims supporting judicial review [Doc. 11], and Plaintiff had not yet filed her fact/law summary and supporting materials [Doc. 12, 12-1]. And, so, at that time [Doc. 4], the Court did not determine that the complaint was not "frivolous or malicious" and did not fail to "state a claim on which relief may be granted" as required to proceed IFP.

Effectively, this Order constitutes a screening of Plaintiff's most-recent filings at Doc. 12, which identified her specific claims supporting judicial review (if any). *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case **at any time** if the court determines that … the action … is frivolous or malicious … [or] fails to state a claim on which relief may be granted.") (emphasis added).

For the reasons below, the Court will strike Doc. 12 and 12-1 as non-compliant with this Court's Order entered on September 18, 2023. The Court will, however, give the pro-se Plaintiff another opportunity to file an appropriate brief.

**The ALJ's decision**

In August 2020, Plaintiff filed an application for disability insurance benefits (DIB) under Title II of the Social Security Act and an application for supplemental security income (SSI) under Title XVI of the Act, alleging that she became disabled on March 15, 2020. [Administrative Record, Doc. 9 at 29-38]. Plaintiff is insured for Title II benefits through December 31, 2025. *Id.* at 35.

On August 25, 2022, the Administrative Law Judge (ALJ) issued the Commissioner's final decision. The ALJ denied Plaintiff's claims, finding lack of disability from August 15, 2020, when Plaintiff alleges that she became disabled, through August 25, 2022, when the ALJ issued her decision.

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that there has been a continuous 12-month period(s) during which Plaintiff did not engage in substantial gainful activity. *Id.* at 32.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: respiratory disorder, hidradenitis suppurativa, and degenerative disc disease of the lumbar spine. *Id.* The ALJ found that, while she suffers from medically determinable depression and anxiety, they are non-severe. *Id.*

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 33.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding her physical impairments, Plaintiff can:

> … perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps or stairs but should never climb ladders, ropes, or scaffolds … can occasionally stoop, kneel, crouch, and crawl … can frequently reach overhead and all around with the upper extremities … can tolerate occasional exposure to atmospheric conditions.

*Id.* at 34.

Fourth, the ALJ found that Plaintiff retains the ability to perform her past relevant work as a security guard and laundry aide. *Id.* at 36.

Fifth, and alternatively, the ALJ found that Plaintiff can perform a significant number of light, unskilled jobs in the national economy such as price marker, folding machine operator, and housekeeping/cleaner. *Id.* at 37.

## Discussion

On September 18, 2023, the Court entered its general Order, which required Plaintiff to "set forth his/her position by an appropriate brief specifying, inter alia, the numbered findings of the final decision with which exception is taken and the specific errors alleged." [Doc. 11].

Plaintiff's filings at Doc. 12 and 12-1 do not satisfy the above requirement.

## Order

Therefore, the Clerk is directed to STRIKE Doc. 12 from the record. The Commissioner need not respond to Doc. 12. Within 60 days of entry of this Order, Plaintiff may but is not required to FILE an "appropriate brief" as contemplated by the Court's Order entered on September 18, 2023. Failure to file an appropriate brief in a timely manner as ordered may result in dismissal of Plaintiff's complaint for failure to prosecute. The pro-se Plaintiff is urged to seek out competent counsel to assist her in filing an appropriate brief.

October 6, 2023

Lanny King, Magistrate Judge
United States District Court

c: pro-se Plaintiff